IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DENNIS KLIPPING,**

        **Plaintiff,**

**vs.**                                              **Civ. No.  09-368 JH/GBW**

**MARY E. PETER[1], Secretary, and**
**DEPARTMENT OF TRANSPORTATION,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's *Motion to Reconsider Dismissal* [Doc. No. 11], filed June 2, 2010.  The Court concludes that the motion is without merit.  Plaintiff has failed to properly serve the Defendants, in spite of having ample time to do so.  Furthermore, Plaintiff has failed to come forward with any valid reason under Rule 59(e) or Rule 60(b) to reconsider the dismissal of his complaint.  Accordingly, the motion to reconsider will be denied.

## BACKGROUND

On April 16, 2009, Plaintiff filed his Complaint against Defendants for violation of his civil rights.  However, Plaintiff failed to timely serve the Defendants, and therefore on September 4, 2009, Magistrate Judge Gregory B. Wormuth entered an Order to Show Cause why the case should not be dismissed for failure to serve the Defendants within 120 days of filing the complaint. Plaintiff responded to the Order to Show Cause, stating that he had properly served the Defendants. As a result, Judge Wormuth entered an order quashing the Order to Show Cause and extending the

---

[1] Although Plaintiff styled his Complaint as against "Mary E. Peter," it was in fact Mary E. Peters who served as Secretary of the Department of Transportation.

time for service until November 24, 2009. Judge Wormuth warned Plaintiff that the case could be dismissed if he failed to file proof of waiver or service prior to November 24, 2009.

On January 13, 2010, Plaintiff still had failed to file proof of waiver or service. Accordingly, on that date the undersigned federal district judge entered an order dismissing the case without prejudice. On June 2, 2010 (nearly five months later), Plaintiff filed a motion to reconsider the dismissal. As grounds for the motion, Plaintiff states that his counsel had a motorcycle accident on December 12, 2009—a date after the deadline to file proof of service or waiver of service. Plaintiff also cites his counsel's lack of familiarity with Pacer and the Court's electronic filing system, as well as changes in counsel's office staff. Accompanying Plaintiff's motion is a summons and proof of service, which states that Plaintiff mailed the summons to Defendant Mary Peters on September 28, 2009. Plaintiff urges that this is proper service under Rule 1-004(E) of the New Mexico Rules of Civil Procedure.

Neither of the Defendants has answered the Complaint or otherwise entered an appearance in this case.

## DISCUSSION

Generally, a motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways. If it is filed within 28 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e)[2]; however, if it is filed more than 10 days after

---

[2] On December 1, 2009, numerous amendments to the Federal Rules of Civil Procedure took effect. Among other things, those amendments lengthened the period for filing a Rule 59(e) motion to twenty-eight days (instead of ten days). Fed.R.Civ.P. 59(e). In the view of the advisory committee, "[e]xperience has proved that in many cases it is not possible to prepare a satisfactory post-judgment motion in 10 days, even under the former rule that excluded intermediate Saturdays, Sundays, and legal holidays." Fed.R.Civ.P. 59 advisory committee's

entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b).  *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P*., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).   Because Plaintiff filed his motion more than 28 days after the Court's January 13, 2010 order of dismissal, the Court regards the motion as one for relief from the judgment under Rule 60(b).  Of the various reasons for relief from a judgment set forth in that rule, only a few might possibly apply here.  Under Rule 60(b)(1), the Plaintiff must demonstrate mistake, inadvertence, surprise, or excusable neglect, while under Rule 60(b)(6), he must come forward with "any other reason" justifying relief.  The Tenth Circuit has made clear that Rule 60(b) relief is "is extraordinary and may only be granted in exceptional circumstances."  *Zurich v. N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2000)).  "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."  *Cummings v. General Motors Corp*., 365 F.3d 944, 955 (10th Cir. 2004).  Whether to grant Rule 60(b) relief lies within the "substantial discretion" of the district court.  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

 Upon review of the record, the Court concludes that Plaintiff has failed to show that he is entitled to relief under any part of Rule 60(b).  According to the summons and proof of service, as early as September 28, 2009, Plaintiff had served Defendant Mary E. Peters and had written proof of such service.  Inexplicably, months passed before Plaintiff's counsel's accident, during which he failed to file proof of service as required by the Court.  Then, almost five months passed after the Court dismissed the case before Plaintiff finally moved to reconsider and filed proof of service.  None of the reasons set forth in Plaintiff's motion can reasonably explain these delays.

---

note (2009 amendments).

Furthermore, the record demonstrates that Plaintiff has failed to properly serve the Defendants. Rule 4(i) of the Federal Rules of Civil Procedure (not the corresponding state rule) governs Service of process upon the United States, its agencies, and its officers. It provides that in order to serve the Defendants in this case (a United States agency and a United States officer sued in her official capacity), Plaintiff must not only "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee," Rule 4(i)(2), but also serve the United States by (1) delivering a copy of the summons and complaint to the U.S. Attorney for the district where the action is brought; (2) sending a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C.; and (3) sending a copy of each by registered or certified mail to the agency or officer accused of wrongdoing. Fed. R. Civ. Pro. 4(i)(1). Plaintiff's proffered proof of service falls short of these requirements, as it shows merely that he sent the summons to Defendant Mary E. Peters by certified mail. For this additional reason, Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b). Accordingly, his motion to reconsider the dismissal without prejudice will be denied.

**IT IS THEREFORE ORDERED** that *Motion to Reconsider Dismissal* [Doc. No. 11] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**